### EASTERN UTILITIES ASSOCIATES et al. v. SECURITIES AND EXCHANGE COMMISSION.

#### No. 4267.

Circuit Court of Appeals, First Circuit.

June 13, 1947.

Robert H. Hopkins, of Boston, Mass. (Harry F. Rice, Jr. and Gaston, Snow, Rice & Boyd, all of Boston, Mass., on the brief), for petitioners.

Roger S. Foster, Sol., of Philadelphia, Pa., for respondent.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

PER CURIAM.

By a Notice of and Order for Hearing issued March 25, 1947, the Securities and Exchange Commission initiated an administrative proceeding under § 11(b) (1) and (2), § 15(f), and § 20(a) of the Public Utility Holding Company Act of 1935, 49 Stat. 803, 15 U.S.C.A. §§ 79k(b) (1, 2), 79o(f), 79t(a), naming as respondents the present petitioners, Eastern Utilities Associates and its Subsidiary Companies. The Commission's office at Philadelphia, Pennsylvania, was designated as the place of hearing. On May 13, 1947, the petitioners filed with the Commission a motion that the Notice of and Order for Hearing be amended so as to substitute Boston as the place for the hearing. The motion recited that the principal offices of the companies respondent, and the residences and places

of business of all the known prospective witnesses and the majority of the shareholders, were in or near Boston, and it called particular attention to the provision of § 5(a) of the Administrative Procedure Act, 5 U.S.C.A. § 1004(a): "* * * In fixing the times and places for hearings, due regard shall be had for the convenience and necessity of the parties or their representatives." The Commission, on May 15, 1947, entered its order denying the motion for transfer of the hearing to Boston, after reciting that it appeared to the Commission, upon consideration of the motion, "that there has not been a sufficient showing to warrant a change in the place of the hearing."

Thereupon, petitioners filed in this court, upon the purported authority of § 24(a) of the Public Utility Holding Company Act, 15 U.S.C.A. § 79x(a), the present petition seeking to have us review the aforesaid order of the Commission of May 15, 1947, denying the motion for transfer of the hearing to Boston. Accompanying the petition was a motion for a temporary order by this court staying the Commission's order and staying all further hearings before the trial examiner in Philadelphia, pending our decision on the petition for review. The court, on May 26, 1947, heard the parties orally on the motion for a stay, at which hearing counsel for the Commission presented a motion to dismiss the petition for review. We withheld action on the motion for a stay pending the filing by counsel of memoranda on the motion to dismiss. Such memoranda have now been presented, and after consideration of them we have concluded that the motion to dismiss must be granted. Since our jurisdiction over the petition for review fails, relief by way of a temporary stay, incidental to such petition, must likewise fail.

■ Section 24(a) of the Act provides that any person or party "aggrieved by an order issued by the Commission under this title may obtain a review of such order" in the appropriate circuit court of appeals. It has been thoroughly well established that, under § 24(a) of the Holding Company Act, and under similar language providing for judicial review in other statutes, administrative orders of a merely pre-liminary or procedural character are not directly and immediately reviewable in the circuit court of appeals. Federal Power Commission v. Metropolitan Edison Co., 1938, 304 U.S. 375, 58 S.Ct. 963, 82 L.Ed. 1408; Jones v. Securities and Exchange Commission, 2 Cir., 1935, 79 F.2d 617, certiorari denied 1936, 297 U.S. 705, 56 S.Ct. 497, 80 L.Ed. 993; Securities and Exchange Commission v. Andrews, 2 Cir., 1937, 88 F.2d 441; Resources Corporation International v. Securities and Exchange Commission, 7 Cir., 1938, 97 F.2d 788; Mississippi Power & Light Co. v. Federal Power Commission, 5 Cir., 1942, 131 F.2d 148; Guaranty Underwriters, Inc., v. Securities and Exchange Commission, 5 Cir., 1942, 131 F.2d 370; Okin v. Securities and Exchange Commission, 2 Cir., 1944, 143 F.2d 960. The comment which the Supreme Court made in Federal Power Commission v. Metropolitan Edison Co., supra, upon the review provision of § 313(b) of the Federal Power Act, 16 U.S.C.A. § 825l(b), is quite definitely applicable to the comparable provision of § 24(a) of the Public Utility Holding Company Act. The court said (304 U.S. at page 384, 58 S.Ct. at page 967, 82 L.Ed. 1408):

"The context in section 313(b) indicates the nature of the orders which are subject to review. Upon service of the petition for review, the Commission is to certify and file with the appellate court 'a transcript of the record upon which the order complained of was entered.' The statute contemplates a case in which the Commission has taken evidence and made findings. Its findings, if supported by evidence, are to be conclusive. The appellate court may order additional evidence to be taken by the Commission and the Commission may thereupon make modified or new findings. The provision for review thus relates to orders of a definitive character dealing with the merits of a proceeding before the Commission and resulting from a hearing upon evidence and supported by findings appropriate to the case."

■ Petitioners appear to concede the force of the above-cited decisions, as applied to the situation prior to the passage of the Administrative Procedure Act in 1946, 5 U.S.C.A. § 1001 et seq. But, they

say, a different result is now required by the provisions of the Administrative Procedure Act. In the absence of a clear legislative command, courts will naturally incline against such a construction, affording as it does "opportunity for constant delays in the course of the administrative proceeding for the purpose of reviewing mere procedural requirements or interlocutory directions." 304 U.S. at pages 383, 384, 58 S.Ct. at page 967, 82 L.Ed. 1408. Petitioners do not, as we understand them, contend that § 24(a) of the Holding Company Act has been amended by § 10 of the Administrative Procedure Act (the section dealing with judicial review) so as to render directly and immediately reviewable in this court an order of the Commission setting a time and place for hearing. Such a contention indeed could hardly be made in the face of § 10(c) of the Administrative Procedure Act, which seems to us to recognize the continued validity of the decisions we have previously cited, holding that preliminary or procedural orders of an administrative body are not directly subject to court review. That subsection reads:

"(c) Reviewable Acts.—Every agency action made reviewable by statute and every final agency action for which there is no other adequate remedy in any court shall be subject to judicial review. Any preliminary, procedural, or intermediate agency action or ruling not directly reviewable shall be subject to review upon the review of the final agency action. * * *"

Petitioners put their reliance upon § 5(a) of the Administrative Procedure Act which provides that, in every case of adjudication required by statute to be determined on the record after opportunity for an agency hearing, "due regard shall be had for the convenience and necessity of the parties or their representatives" in fixing the time and place for hearings.* It is argued that this provision is not merely directory, but mandatory, and that, if the right so conferred is, as a practical matter, to be adequately safeguarded, an interlocutory order by the Commission failing to give "due regard" to the convenience and necessity of the parties must necessarily be subject to immediate judicial review without awaiting the final outcome of the administrative proceeding; and that therefore the jurisdictional provision of § 24(a) of the Holding Company Act must now be reinterpreted so as to afford review of this type of order which, as above stated, has previously been held to be not directly reviewable under that section. We think this argument is quite unpersuasive, especially in view of the provision of § 10 (c) of the Administrative Procedure Act above set forth.

A decree will be entered dismissing the petition for review for lack of jurisdiction.

---

\* For present purposes we assume, without deciding, that the administrative proceeding now pending before the Commission is a "case of adjudication" within the meaning of § 5 of the Administrative Procedure Act, though the Commission contends to the contrary. We also note that, within the definition of "party" in § 2(b) of the Administrative Procedure Act, the Securities and Exchange Commission is a party to the administrative proceeding under § 11 of the Holding Company Act, as well as the named respondents. Therefore, in fixing the times and places for hearings, "due regard" presumably should be given to the convenience and necessity of the Commission and its representatives as well as to the convenience and necessity of the respondents and their representatives. We do not go into this because it relates to the merits of an order which we hold to be not presently reviewable by us.