Leslie **BALANYI**, Appellant,

v.

**LOCAL 1031, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS AFL–CIO**
and
**National Labor Relations Board,**
**Appellees.**

No. 15948.

United States Court of Appeals
Seventh Circuit.

March 7, 1967.

Leslie Balanyi, Chicago, Ill., for appellant.

Marcel Mallet-Prevost, Asst. Gen. Counsel, N. L. R. B., Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Solomon I. Hirsn, Wayne S. Bishop, Attys., N. L. R. B., Washington, D. C., for appellees.

Before DUFFY, Senior Circuit Judge, and CASTLE and CUMMINGS, Circuit Judges.

DUFFY, Senior Circuit Judge.

This is an appeal from an order of the District Court granting appellee's motion

to dismiss the complaint on the grounds that the Court was without jurisdiction over the subject matter, and that the complaint failed to state a claim upon which relief could be granted.

The complaint sought to have the District Court declare plaintiff's rights under the National Labor Relations Act,[1] and to compel the General Counsel of the Labor Board to conduct a new investigation and to issue a new decision. Appellant asserts that the failure of the General Counsel to hold an evidentiary hearing and to disclose the entire investigative file deprived appellant of his rights without due process of law.

Plaintiff alleged the District Court had jurisdiction under the Administrative Procedure Act,[2] the Federal Declaratory Judgment Act,[3] the grant of original jurisdiction conferred on the District Court,[4] and the Fifth Amendment of the United States Constitution.

On November 19, 1965, plaintiff filed an unfair labor practice charge with the Regional Director of the Labor Board in Chicago. He alleged Local 1031, International Brotherhood of Electrical Workers (I.B.E.W.), had violated Section 8(b) (1) (A) of the Act, by refusing to represent him concerning the terms and conditions of his employment with his employer, Cory Corporation. The Regional office of the Labor Board investigated the charge and found that plaintiff was employed as a clerk in the Cost Department of Cory Corporation from July 17, 1961 until October 23, 1965. The Cost Department is an integral part of the Company's Accounting Department. Some Cost Department employees and their supervisors are located at each of the Company's production plants, but they report directly to the Accounting Department in the main office in Chicago.

Plaintiff worked in the Cost Department at one of the Company's production plants. He and other cost department employees worked in a separate office on the second floor which was partitioned from the production employees. Plaintiff was salaried and received different fringe benefits than those which the production and maintenance employees received. The latter were paid on an hourly basis.

The production employees were supervised by a production supervisor who reported to the plant director of manufacturing and engineering. This director had no responsibility over the Cost Department.

In 1948, the Union won bargaining rights for some of the Company's employees. The Board certified the Union as exclusive bargaining representative for "all production and maintenance employees excluding office and clerical employees, professional employees, guards, watchmen and supervisors." By agreement of the parties, the stockroom and shipping employees were included in the bargaining agreement.

In September 1965, plaintiff applied to a shop steward for membership in the Union. The steward refused, informing the plaintiff he was not eligible. Plaintiff was laid off on October 23, 1965 for "lack of work" purportedly without regard to his seniority status. On October 9, 1965, plaintiff again requested Union representation but the Union business agent refused on the ground that plaintiff was not in the bargaining unit. Plaintiff again made application on November 18, but his application was again refused. Plaintiff then filed his unfair labor practice charge.

After an investigation, the Regional Director concluded that plaintiff, as a cost clerk, was an office clerical employee rather than a plant clerical employee, and that plaintiff was outside the certified bargaining unit and that the Union was not required to represent plaintiff. The Director held that the Union's refusal to represent plaintiff was not a violation of the Act. The Regional Director

---

1. 29 U.S.C. § 151 et seq.

2. 5 U.S.C. § 1001 et seq.

3. 28 U.S.C. § 2201

4. 28 U.S.C. § 1337

refused to issue a complaint, and plaintiff was so informed. Plaintiff then requested a review by the General Counsel. After a *de novo* review, the General Counsel affirmed the Regional Director's determination that plaintiff was not in the bargaining unit.

■ We hold that the discretionary decision of the General Counsel not to issue an unfair labor practice complaint is not reviewable by the United States District Court. N. L. R. B. v. Lewis, 7 Cir., 310 F.2d 364, 366; Hourihan v. N. L. R. B., 91 U.S.App.D.C. 316, 201 F.2d 187, cert. den. 345 U.S. 930, 73 S.Ct. 792, 97 L.Ed. 1359; United Electrical Contractors Assn. v. Ordman, 2 Cir., 366 F.2d 776, cert. den. 385 U.S. 1026, 87 S.Ct. 753, 17 L.Ed.2d 674.

■■ Reliance by appellant upon the Federal Declaratory Judgment Act is misplaced. That Act does not confer jurisdiction but rather, provides an additional remedy where jurisdiction already exists. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671–672, 70 S.Ct. 876, 94 L.Ed. 1194; Schilling v. Rogers, 363 U.S. 666, 677, 80 S.Ct. 1288, 4 L.Ed. 2d 1478.

■ Nor can reliance be had on the general grant of jurisdiction to District courts (28 U.S.C. § 1337). Macauley v. Waterman S. S. Corp., 327 U.S. 540, 545, 66 S.Ct. 712, 90 L.Ed. 839.

■■ We also hold that the Administrative Procedure Act does not vest a district court with jurisdiction over the refusal of the General Counsel to issue a complaint. That Act does not confer jurisdiction where the regulatory statute precludes it. Schilling v. Rogers, supra.

■ We agree that United States district courts might have jurisdiction to review Board action where there is a violation of constitutional rights, but only when there is a substantial showing on the face of the complaint that such violation existed. Boire v. Miami Herald Publishing Company, 5 Cir., 343 F.2d 17, 21; McLeod v. Local 476, United Brotherhood of Industrial Workers, 2 Cir., 288 F.2d 198, 201. Such rule applies only where the constitutional claim is "not transparently frivolous." McLeod v. Local 476, supra.

The complaint also named the Union as a defendant. The District Court dismissed the complaint against the Union as well as against the Board. The Union has not entered an appearance in this Court.

■ It is clear that the federal courts do not have jurisdiction to declare the right of an individual worker to be included in the bargaining unit. This determination is for the Board which has exclusive jurisdiction. Therefore, the District Court could not grant any relief against the Union. Meekins, Inc. v. Boire, 5 Cir., 320 F.2d 445, 448–9; Dunn v. Retail Clerks International Association, 6 Cir., 307 F.2d 285, 288. See also, San Diego Building Trades Council v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775.

The District Court's order dismissing the complaint is

Affirmed.