**ROCKFORD REDI-MIX CO., INC. and all similarly situated employers, Plaintiffs,**

v.

**Glen ZIPP, John Irving, Regional Director of the 33rd Regional Office and General Counsel respectively, as agents of the Office of General Counsel of the National Labor Relations Board, an independent federal agency, and Glen Zipp, Regional Director of the National Labor Relations Board, an independent federal agency, and General Chauffeurs, Helpers and Sales Drivers Union Local 325, Defendants.**

No. 79 C 20087.

United States District Court, N. D. Illinois, W. D.

Nov. 20, 1979.

---

Gerard C. Smetana, Chicago, Ill., for plaintiff.

Raymond M. Forster, Peoria, Ill., for defendants.

## ORDER

ROSZKOWSKI, District Judge.

This matter is before the court on defendant's motion to dismiss, or in the alternative, for summary judgment, and plaintiff's cross-motion for summary judgment. Jurisdiction of this court is invoked under 28 U.S.C. § 1337.

Plaintiff, Rockford Redi-Mix Company (the "Company") requests that this court compel defendants, the National Labor Relations Board (the "Board"), Glen Zipp, Regional Director of the 33rd Regional Office,

and John Irving, General Counsel, to issue a complaint upon three alleged unfair practice charges brought by plaintiff and dismissed by the Regional Director. It is plaintiff's contention that the refusal by the Regional Director and the General Counsel to issue these complaints constitutes a breach of a statutory duty owed plaintiff by defendant under 8(b)(7)(B) and (C) of the National Labor Relations Act (the "Act").

Defendants contend that dismissal or summary judgment is appropriate because this court lacks subject matter jurisdiction to review the decision of the General Counsel not to issue an unfair labor practice complaint, and, consequently, the complaint fails to state a claim upon which relief can be granted.

Plaintiff maintains that this court has subject matter jurisdiction here because the General Counsel has improperly applied the statute and violated his duty. It is plaintiff's contention that Section 8(b)(7)(B) and (C) is couched in mandatory, not discretionary, terms and, therefore, requires the General Counsel to issue a complaint. Plaintiff contends further that, since the statute's language is mandatory, the standard for review to be employed by this court is not "abuse of discretion" but rather mandamus for breach of an absolute duty to issue a complaint. This court agrees with defendant's contentions, and, since we have considered matters outside of the pleadings, grants defendant's motion for summary judgment (See, Rule 12(b)(6), F.R.Civ.P.; and *Smith v. Blackledge,* 451 F.2d 1201 (4th Cir. 1971)), and denies plaintiff's cross-motion for summary judgment.

The facts are undisputed. On July 26, 1979, Teamsters Local No. 325 (the "Union") began picketing the business premises of the Company seeking recognition as the collective bargaining representative of the latter's employees. Six days later, the Company discharged four employees. On August 27, the Union filed an unfair labor practice charge alleging that the discharges were motivated by anti-union considerations and thereby violated Section 8(a)(1) and (3) of the Act.

Meanwhile, on August 23, the Union filed with the Regional Director a petition under Section 9(c) of the Act requesting certification by the National Labor Relations Board (the "Board") as the collective bargaining representative of the Company's employees. Eight days later, the Regional Director held a representation election, and the four discharged employees cast ballots that were challenged by the Company. The resulting tally showed one vote for the Union and two votes against, and thus the challenged ballots were sufficient in number to affect the results of the election. Accordingly, the Regional Director delayed certification of the election results pending resolution of the issue raised by the challenges—that is, whether the discharges violated Section 8(a)(1) and (3) of the Act.

The Union continued to picket, and, on September 14, the Company filed unfair labor practice charge 33–CP–135, contending that the Union was violating Section 8(b)(7)(B) of the Act by picketing "within 12 months of a valid election." On September 18, the Company filed a second unfair labor practice charge, 33–CP–136, and contended that Section 8(b)(7)(C) of the Act set a thirty day limit on all recognitional picketing and that the Union had been picketing for over 30 days. Two days later, the Regional Director dismissed the Company's charges as legally deficient, holding:

(1) that there is no "valid election" within the meaning of Section 8(b)(7)(B) of the Act until the electional results are certified by the Board, and that, accordingly, the Union could lawfully picket until the Board resolved the challenged ballots;

(2) that Section 8(b)(7)(C) permits picketing beyond 30 days where, as here, the Union filed a representative petition under Section 9(c) within a reasonable period of time.

The Company appealed the Regional Director's decision to the General Counsel.

Also on September 18th, the Regional Director dismissed the Union's unfair labor practice charge regarding the four discharged employees. The Union appealed

the dismissal to the General Counsel, and, on Friday, October 5, the General Counsel affirmed the Regional Director's ruling. Accordingly, the Regional Director certified the results of the August 31st representation election—that is, that the employees had rejected union representation by a vote of two to one—and sent written notice of the certification by certified mail to the Union and the Company. On October 9, the first day following the holiday weekend, the Union received the notice and ceased picketing. The Company, however, filed unfair labor practice charge 33–CP–137 alleging that the Union had notice of the certification as of October 5 and that the picketing conducted between October 5 and October 9 violated Section 8(b)(7)(B) of the Act.

The following day, October 10, the Union sent the Company a letter purporting to inform the latter of its intention to commence "area standards" picketing. The Company informed the Regional Director, who was then conducting an investigation of the Company's unfair labor practice charge in 33–CP–137, and contended that the letter constituted an unlawful threat to engage in recognitional picketing and thereby violated Section 8(b)(7)(B) of the Act. On October 15, the Regional Director dismissed the Company's charge in 33–CP–137, finding:

(1) that the Union did not have actual notice of the election certification until October 9, after which time it ceased picketing;

(2) that, even "assuming *arguendo* that a violation might be found," issuing a complaint would not "effectuate the policies of the Act"; and

(3) that the letter from the Union, which on its face purported only to notify the Company that it intended to commence "area standards" picketing, did not constitute a threat to engage in recognitional picketing.

On October 17, the Company filed with the Regional Director a motion for reconsideration of this dismissal. The Regional Director granted the motion, and, on October 23, notified the Company by letter that,

upon subsequent investigation, he had reaffirmed his decision not to issue a complaint. Meanwhile, on October 15, the General Counsel affirmed the Regional Director's dismissal of the Company's unfair labor practice charges in 33–CP–135 and 33–CP–136.

The Company has not yet exercised its right of administrative appeal in 33–CP–137, and had until October 25, 1979 to do so. Nonetheless, it is before this court, seeking, *inter alia*, an order to compel the Regional Director and the General Counsel to issue complaints on all three charges.

In arguing that this court has subject matter jurisdiction over the instant case, plaintiff relies on *Illinois State Employees Council 34 v. NLRB*, 395 F.Supp. 1011 (N.D. Ill.1975), aff'd. mem., 530 F.2d 979 (7th Cir. 1976). *Illinois State Employees* does not stand for the broad proposition plaintiff suggests. Rather, the court in that case noted only that a district court could exercise a "limited jurisdiction" under *Leedom v. Kynes*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), "[i]f the General Counsel improperly applied the statute and violated his duty" in refusing to issue a complaint. 395 F.Supp. at 1012. However, nothing in this decision is inconsistent with the holding in this Circuit announced in *Balayni v. Local 1031*, 374 F.2d 723 (7th Cir. 1967). Both *Balayni* and the Supreme Court's leading decision of *Vaca v. Sipes*, 386 U.S. 171, 182, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), declare specifically that the Board's General Counsel has the unreviewable discretion to refuse to institute an unfair labor practice complaint, (*Vaca v. Sipes*, 386 U.S. at 182; *Balayni v. Local 1031*, 374 F.2d at 726), and, therefore, the district court lacks subject matter jurisdiction to review the General Counsel's decision not to issue such a complaint. While, as plaintiff suggests, the *Balayni* court recognized a possible exception to the district court's lack of power to review the General Counsel's decision, the court stated that the district court could possibly have jurisdiction *only* where the General Counsel's refusal to issue a complaint constituted a *substantial* viola-

tion of constitutional rights. Such a substantial violation of constitutional rights is not present here.

■■ Numerous other Circuits recognize that the General Counsel's refusal to issue a complaint based upon alleged unfair labor practices does not constitute a violation of a constitutional right and, therefore, the district court is without subject matter jurisdiction to review his decision. See, *Lincourt v. N. L. R. B.,* 170 F.2d 306, 307 (1st Cir. 1948); *Newspaper Guild, Local 187 v. N. L. R. B.,* 489 F.2d 416, 426 (3d Cir. 1973); *Contractors Association v. N. L. R. B.,* 295 F.2d 526 (3d Cir. 1961), cert. denied, 369 U.S. 813, 82 S.Ct. 689, 7 L.Ed.2d 612; *Holland v. Unico Corp.,* 81 L.R.R.M. 2736 (4th Cir. 1972); *Echols v. N. L. R. B.,* 525 F.2d 288 (6th Cir. 1975); *Tensing v. N. L. R. B.,* 519 F.2d 365 (6th Cir. 1975); *Mayer v. Ordman,* 391 F.2d 889–90 (6th Cir. 1968); *N. L. R. B. v. Tennessee Products and Chemical Corp., Roane Electric Div.,* 329 F.2d 873, 875 (6th Cir. 1964), *cert. denied,* 379 U.S. 833, 85 S.Ct. 66, 13 L.Ed.2d 42; *General Drivers, Local 886 v. N. L. R. B.,* 179 F.2d 492, 494–95 (10th Cir. 1950); *Seafarer's International Union v. N. L. R. B.,* 88 L.R.R.M. 2629 (D.C.Cir. 1975); *Bandlow v. Rothman,* 108 U.S.App.D.C. 32, 278 F.2d 866 (D.C.Cir. 1960), *cert. denied,* 364 U.S. 909, 81 S.Ct. 273, 5 L.Ed.2d 224.

Moreover, Section 3(d) of the Act provides that the General Counsel "shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under [the provisions of the Act]." Thus, the Board is "not required by the statute to move on every charge, it [is] merely enabled to do so. It [could] decline to be imposed upon or to submit its process to abuse." *N. L. R. B. v. Indiana & Michigan Electric Co.,* 318 U.S. 9, 18–19, 63 S.Ct. 394, 400, 87 L.Ed. 579 (1943); Accord: *Amalgamated Utility Waters v. Consolidated Edison Co.,* 309 U.S. 261, 265, 60 S.Ct. 561, 563, 84 L.Ed. 738 (1940) ("[i]t is the Board, and the Board alone or its designated agent, [that] has the power to issue a complaint against the person charged with the unfair labor practice.") To hold other-

wise would directly interfere with the unified statutory policy of the Act.

Moreover, this position is consistent with the provisions of the Administrative Procedure Act ("APA"). Contrary to plaintiff's assertion that the APA provides a basis for this court's jurisdiction, the APA does not carry with it an independent grant of subject matter jurisdiction. *Califano v. Sanders,* 430 U.S. 99, 105–07, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); *Balayni v. Local 1031,* 374 F.2d at 726. Moreover, the statement of the Attorney General of the United States regarding Section 10 of the Administrative Procedure Act belies such an assertion:

This section, in general, declares the existing law concerning judicial review [of administrative agency actions]. It provides for judicial review except insofar as statutes preclude it or insofar as agency action is by law committed to agency discretion. A statute may in terms preclude judicial review or be interpreted as manifesting a congressional intention to preclude judicial review. . . . Thus, the courts have held that the refusal by the National Labor Relations Board to issue a complaint is an exercise of discretion unreviewable by the courts.

■■ Because the decision by the Regional Director and General Counsel not to issue a complaint or alleged unfair labor practice charge is within their discretion, plaintiff's contention that this court has jurisdiction to mandamus these defendants is without support. *Wilmot v. Doyle,* 403 F.2d 811, 816 (9th Cir. 1968).

Additionally, even if this court had jurisdiction to review a decision by the Regional Director or General Counsel not to issue a complaint on an unfair labor practice charge, this court would find the Counsel's refusal here to be reasonable under the circumstances.

Plaintiff contends that the Union's picketing after the August 31 election violated Section 8(b)(7)(B) and (C) of the Act. Section 8(b)(7) makes it an unfair labor practice for a labor organization or its agents to picket for recognition where within the pre-

ceding twelve months a *valid* election under 9(c) has been conducted.

■ In the instant case, no valid election existed until the Board had certified the results, the point in time at which "all challenges and objections have been ruled upon or otherwise disposed." *Retail Store Employees' Union, Local 692 (Irvins, Inc.)*, 134 NLRB 686, 689–90 (1961); See also, *N. L. R. B. v. Local 182*, 314 F.2d 53, 59–61 (2d Cir. 1963).

■ The Company also contends that the post election picketing violated Section 8(b)(7)(C). Section 8(b)(7)(C) provides that it will be an unfair labor practice for recognitional picketing to continue where no petition for election has been filed within a reasonable period of time, which is not to exceed thirty days from the date the picketing began. In the instant case, the union filed a petition for an election within the 30 day requirement. Consequently, no violation of this section exists.

Moreover, the General Counsel's finding that the Union did not receive notice of the election certification until October 9, and not on October 5 as the plaintiff suggests, is supported by the evidence. Consequently, no violation of 8(b)(7)(B) exists due to the picketing between October 5 and October 9.

■ The Company's final contention, that the letter dated October 10 from the Union, and purporting to inform the Company of the Union's intent to begin "area standards" picketing, constituted an illegal threat to continue recognitional picketing and thereby violated Section 8(b)(7)(B) of the Act is without merit. The evidence supports the General Counsel's dismissal of the claim based on his finding that the October 10 letter from the Union to the Company "disavows any continuing recognitional object and . . . threatens only to truthfully advertise the [Company's] failure to meet established area standards."

Accordingly, it is ordered that defendant's motion for summary judgment be and the same is hereby granted. Consequently, plaintiff's motion for summary judgment is denied. It is further ordered that each side is to pay their own attorney's fees.