MOBILAB UNION, INC., Plaintiff,

v.

Wilford W. JOHANSEN, Acting General Counsel, National Labor Relations Board, and Francis W. Hoeber, Acting Regional Director, National Labor Relations Board, Defendants.

Civ. A. No. 84–3689.

United States District Court,
D. New Jersey.

Jan. 21, 1985.

Mark S. Jacobs, P.C. by Richard E. Yaskin, Voorhees, N.J., for plaintiff.

Margery E. Lieber, Deputy Asst. Gen. Counsel for Sp. Litigation, Corinna Metcalf, N.L.R.B., Washington, D.C., for defendants.

## OPINION

GERRY, District Judge.

The plaintiff, Mobilab Union, has a collective bargaining relationship with the Mobil Research and Development Corporation (MRDC) and has had such a relationship for more than 25 years. In October 1983, the plaintiff and MRDC commenced negotiations for a collective bargaining agreement to succeed the contract due to expire on January 15, 1984. The negotiations did not prove to be fruitful, and on February 27, 1984, MRDC announced that it was making its "last and final offer." This offer was rejected. On March 26, 1984, taking the position that bargaining had reached an impasse, MRDC unilaterally implemented its last and final offer. Under National Labor Relations Board (NLRB) law, if an impasse has truly been reached, the employer is privileged to do what MRDC did here.

On March 20, 1984, the plaintiff, taking the position that an impasse had *not* been reached, filed an unfair labor practice charge with the Board, alleging that MRDC's refusal to bargain any further constituted a violation of §§ 8(a)(1) and 8(a)(5) of the National Labor Relations Act (NLRA) (29 U.S.C. § 151 *et seq.*). On May 8, 1984, the NLRB's Acting Regional Director refused to issue an Unfair Labor Practice Complaint, stating by letter that:

> By mid-March 1984, the parties had engaged in more than twenty negotiating sessions. There was insufficient evidence to establish that the Employer failed to meet its statutory obligation to bargain in good faith.... The investigation disclosed that each party made substantial modifications in its contract proposals, and that impasse was reached in mid-March.... As the parties had reached impasse ... it was concluded that the Employer was privileged to unilaterally implement the terms of its last offer.

The plaintiff appealed this decision to the NLRB's General Counsel, arguing that the Regional Director's decision was contrary to the law of "impasse," and also that the Regional Director had failed to comply with certain requirements of the NLRB Case Handling Manual. Mobilab Union's appeal to the NLRB General Counsel was summarily dismissed by correspondence dated June 13, 1984:

> The appeal is denied substantially for the reasons set forth in the Acting Regional Director's letter, dated May 8, 1984.

Not satisfied with that result, the plaintiff instituted this action, in which it is alleged that the decision of the General Counsel not to issue a complaint against MRDC is violative of § 8(a)(5) of the NLRA, for which a private right of action lies, and is also redressible under the Administrative Procedure Act, the due process guarantee of the Fifth Amendment, and may also be reviewed as a decision "wholly without a basis in law." By way of relief, the plaintiff seeks the following:

an order vacating the decision of the General Counsel, and remanding the case for a statement of reasons for the decision, responding with particularity to the plaintiff's arguments on appeal; a reopening of the NLRB's factual investigation; a reconsideration of whether an impasse actually existed; and a reconsideration of whether a complaint should issue.

The plaintiff has an uphill battle here, as the decisions of the General Counsel regarding the issuance of a complaint are not generally considered reviewable.

The defendants have moved to dismiss, asserting that this court lacks subject matter jurisdiction, as well as that the complaint fails to state a claim on which relief may be granted. We will treat with these bases as equivalent.

### 1. *The National Labor Relations Act.*

■ The plaintiff argues, in essence, that there exists a private right of action under the NLRA to force the General Counsel to issue a complaint where the facts arguably warrant one, or to fully explain the refusal to issue a complaint. To refuse to issue a complaint, it presumably is being argued, sanctions employer conduct which is violative of the Act. The structure of the Act does not seem to support plaintiff's theory of its right to mandate particular actions of the General Counsel. Section 8(a) of the Act states nothing more than that certain types of conduct (including a refusal to bargain) are unlawful. Section 10(b) of the Act (29 U.S.C. § 160(b)) merely states that the Board, when faced with an unfair labor practice charge, "shall have the *power* to issue ... a complaint," not that it must issue a complaint (emphasis added). And section 3(d) of the Act (29 U.S.C. § 153(d)) is the most explicit of all in the discretion vested in the General Counsel:

> He shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under section 10.

Thus, the Act indicates that only the Board may prosecute unfair labor practice charges, and that the decision to issue a complaint is within the discretion of the General Counsel. The "final authority" language of section 3(d) suggests an *absolute* discretion, and courts have uniformly construed the section as one precluding judicial review of the General Counsel's decision not to issue a complaint, and precluding the issuance of orders in the nature of a mandamus. *See, e.g., Vaca v. Sipes,* 386 U.S. 171, 182, 87 S.Ct. 903, 912, 17 L.Ed.2d 842 (1967); *Contractors Association of Philadelphia v. NLRB,* 295 F.2d 526 (3d Cir.1961); *McLeod v. IBT,* 330 F.2d 108 (2d Cir.1964); *National Maritime Union v. NLRB,* 423 F.2d 625 (2d Cir.1970); *Associated Builders v. Irving,* 610 F.2d 1221 (4th Cir.1979); *International Assoc. of Machinists v. Lubbers,* 681 F.2d 598 (9th Cir.1982); *Baker v. IATSE,* 691 F.2d 1291 (9th Cir.1982); *Hennepin Broadcasting v. NLRB,* 408 F.Supp. 932 (D.Minn.1975); *Rockford Redi-Mix v. Zipp,* 482 F.Supp. 489 (N.D.Ill.1979); *Balanyi v. Local 1031,* 374 F.2d 723 (7th Cir.1967); *Local 187 v. NLRB,* 489 F.2d 416 (3d Cir.1973), etc. Thus, we have no trouble in concluding that the NLRA itself does not authorize the relief sought.

### 2. *Administrative Procedure Act.*

■ The Administrative Procedure Act (APA) adds nothing to plaintiff's argument. While the APA does create a presumption that agency actions are reviewable, there are exceptions to that presumption. The APA, 5 U.S.C. § 701(a), states that judicial review is available, except to the extent that "statutes preclude judicial review, or agency action is committed to agency discretion by law." Courts that have considered the General Counsel's discretion, in light of the APA, have all concluded that § 701(a) is applicable, and that review under the APA is not available. *See, e.g., Balanyi, supra; Saez v. Goslee,* 463 F.2d 214 (1st Cir.1972); *Associated Builders, supra.*

### 3. *Exceptions to the rule of unreviewability.*

■ Nevertheless, even where agency actions are all but unreviewable, the courts

have carved out a few very narrow exceptions in which review of a limited nature is authorized. First, discretionary NLRB action may be subject to judicial oversight where it is alleged that the Board action was in excess of its delegated powers and contrary to a specific statutory prohibition. *See Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958). The plaintiff's complaint does not seem to indicate a reliance on this exception. Indeed, as one court has recently stated:

> We confess that it is difficult to imagine a situation where the refusal of the General Counsel to issue a complaint would violate an express statutory command of the Act as it now exists, because nothing in it requires the General Counsel to issue complaints upon the finding of a violation.... [H]is statutory authority is permissive.

*Baker v. IATSE*, 691 F.2d at 1296–97 (9th Cir.1982). A second possible exception, on which plaintiff does rely, is that the General Counsel's decision is "wholly without basis in law." By this exception, plaintiff would ask the court to undertake a limited substantive review of the General Counsel's determination and decide whether the determination was faithful to Board and court decisions on the meaning of an impasse. The problems with this approach are several. First, no court has actually recognized the "wholly without basis" exception. A Ninth Circuit case, *International Association of Machinists*, 681 F.2d 598, 603, merely alluded to it as a "potential" exception and held that, even assuming its existence, the complaint was deficient. The subsequent Ninth Circuit case *Baker* (cited above) states that the "wholly without basis" exception should be considered as equivalent to, but not an enlargement of, the *Leedom* exception. 691 F.2d at 1296 n. 14. The court's reasoning is persuasive:

> We think ... unsound ... an exception that would permit judicial review of the General Counsel's decision for abuse of discretion, even where the alleged abuse consists of a misinterpretation of law. Review of the legal and factual determi-

nations made by the General Counsel ... would inject us into determinations of labor policy at a point well before that selected by Congress for judicial review.... [T]he exception ... would threaten to swallow the rule of nonreviewability.

*Id.* at 1296. To tell the General Counsel that a given situation is indicative of a probable unfair labor practice seems a reversal of the proper roles of the court and the General Counsel. Moreover, as the *Baker* court adds, even a finding of a violation does not *compel* the General Counsel to issue a complaint.

■ The third exception to the rule of unreviewability, and this one recognized by the courts, is for review of Board actions which may violate constitutional rights. *Bova v. Pipefitters Local*, 554 F.2d 226 (5th Cir.1977); *International Association of Machinists, supra*, at 603. The plaintiff contends that its due process rights have been violated by the General Counsel's refusal to issue a complaint or explain its refusal. Courts that have considered this issue have stated, contrary to the position taken by the Board here, that the NLRA vindicates private rights (of the charging party), as well as public interests. *Id.; see also Local 283 v. Scofield*, 382 U.S. 205, 220, 86 S.Ct. 373, 382, 15 L.Ed.2d 272 (1965). But, these courts have declined to go so far as to hold that charging parties have a constitutional right to have a complaint issue. *Machinists*, 681 F.2d at 603, *citing Saez v. Goslee*, 463 F.2d 214 (1st Cir.1972). Indeed, if a right to have a complaint issue can be said to exist at all, it exists subject to the limitations contained in the Act, including the exercise of discretion by the General Counsel. *Compare Arnett v. Kennedy*, 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974). To the extent that courts have assumed any due process rights at all in connection with the refusal to issue an unfair labor practice complaint, those rights have been confined to the right to an explanation and the right of an administrative appeal. *Machinists, supra*, at 604; *Hennepin Broadcasting Associ-*

*ates, supra,* at 935. In this case, the plaintiff had an opportunity to present its case to the Board, received an explanation for the Board's refusal to go forward, and had an opportunity to appeal. Thus, due process, assuming there is a right here, seems to have been satisfied.

The plaintiff argues that it has a right to a *fuller* explanation from the General Counsel, a response to each issue raised by plaintiff on appeal. Such a requirement would seem more appropriate were it the case that the General Counsel's decision was reviewable, as such an explanation would enable review to occur. *See Bachowski v. Brennan,* 502 F.2d 79 at 88–89 (3d Cir.1974). It is true, of course, that a full explanation assures careful administrative consideration (as well as the appearance thereof). However, we hesitate to impose such a requirement on the General Counsel. We do not believe it is useful or constitutionally mandated for the General Counsel (with her limited resources) to have to respond point-by-point to each objection any more than it is constitutionally mandated for a Court of Appeals to do so (rather than summarily affirming some cases). In neither situation do we assume a lack of care.

Moreover, we doubt that the NLRB Manual, which plaintiff on appeal alleged the Regional Director's conduct was inconsistent with, is properly regarded as a statement of mandatory procedures, as opposed to an advisory statement. *Cf. NLRB v. Birdsall Construction Co.,* 487 F.2d 288, 291–92 (5th Cir.1973).

Finally, apparently making a delegation argument, the plaintiff finds "disturbing" the lack of guidelines for the General Counsel to follow in deciding which cases to issue complaints in. But that issue has no relevance here, since the General Counsel did not find a probable violation and nevertheless refused to issue a complaint. Rather, the General Counsel found no evidence of a violation.

For all of the above reasons, defendants' motion to dismiss will be granted. The accompanying order will be entered.