**Mohamed Mehdi SERGHINI, Plaintiff,**

v.

**CITY OF RICHMOND et al., Defendants.**

**Civ. A. No. 76–0292–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

Jan. 20, 1977.

· Charles L. Beard; Haboush & Beard, Richmond, Va., for plaintiff.

J. Neale Lawler, Asst. City Atty., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

Plaintiff, a person of foreign national origin who is a lawful permanent resident of Virginia, brings this action under 42 U.S.C. §§ 1981, 1983, 1985, 1988 and 2000e, to redress alleged discriminatory employment practices. The plaintiff seeks monetary and injunctive relief. The defendants include numerous governmental officials who are named in both their individual and official capacities. The United States Department of Labor has been added as a defendant by means of an amended complaint. Jurisdiction is alleged pursuant to 28 U.S.C. § 1343(3) and 42 U.S.C. § 2000e–5. The matter is before the Court on the defendant Department of Labor's motion to dismiss and the plaintiff's response thereto.

The plaintiff alleges that he has illegally been deprived of employment opportunities by the defendants. The employment in question derives from the Comprehensive Employment Training Act of 1973 (C.E.T. A.), 29 U.S.C. § 801 *et seq.* (Particularly Title II of that Act, Public Service Employment Programs, 29 U.S.C. §§ 841–851). In general terms, the legislation enables an authorized consortium (deemed a prime sponsor) to receive grants from the Secretary of Labor and to expend such grant or grants in such a way as to alleviate unemployment in the area.

As the Court has already indicated, the defendant Department of Labor was not one of the original named defendants but was later added because it was the body which dispenses the funds used to finance the programs under which the plaintiff allegedly had suffered discrimination. The plaintiff specifically alleges that the Department of Labor has not taken adequate steps to insure that the agencies to which it dispenses money do not use such funds in a discriminatory manner. The plaintiff seeks injunctive relief from this conduct. There is no allegation that the Department itself has discriminated against the plaintiff. The Department moves to dismiss the complaint as to it for the plaintiff's failure to exhaust administrative remedies.

Programs generated under C.E.T.A. are to be administered in a nondiscriminatory manner. 29 U.S.C. § 848(f). A person who believes the programs are being administered in violation of this standard may file a formal complaint with the Secretary of the Department of Labor. 29 U.S.C. § 818(b)(2). The Secretary has promulgated regulations designed to facilitate the orderly processing of such complaints. See 29

328

C.F.R. § 98 subpart C (1976). Prior to the Department taking any action, a complaining party must exhaust the administrative remedies established by the prime sponsor. 29 C.F.R. § 98.40(c). The plaintiff has complied with this requirement. The local administrative remedies were completed within five months of the plaintiff first raising his complaint, and resulted in the awarding of substantial relief. The notification of final action on the local level included an outline of the procedures to follow should the plaintiff desire to pursue his claim at the departmental level. The plaintiff did thereafter write the Department. This letter, however, was in the form of a request for information under the Freedom of Information Act rather than a complaint relating to the C.E.T.A. program. The Department responded accordingly.

 The plaintiff has not filed a formal complaint with the Department as required by 29 C.F.R. § 98.42 (1976), and of which he was advised upon completion of local action. The filing of a formal complaint triggers an investigatory procedure. 29 C.F.R. § 98.45 (1976), which may lead to formal hearings, 29 C.F.R. §§ 98.46–98.47 (1976). Should a complainant be dissatisfied with the results of the administrative process, judicial review is available. 29 C.F.R. § 98.49 (1976).[1] There is no evidence that these procedures are inadequate, either in design or function, to remedy the alleged illegalities of which the plaintiff complains. On the contra, it appears that the promulgated regulations are intended to allow for the internal correction of the types of abuses in the program that are alleged herein. There is also no claim that the plaintiff would be injured if he first presented his claims to the Department. Indeed, it appears manifestly unfair for the plaintiff to accuse the Department of failing to properly supervise the C.E.T.A. programs when he has not utilized the available procedures intended to facilitate such supervision.

In short, the Court concludes that the doctrine of exhaustion of remedies is appropriate when, as here, (1) administrative procedures are available which are designed to accommodate claims such as those presented in the instant complaint; (2) there is no indication that these procedures are inadequate; and (3) the plaintiff would suffer no injury by exhausting these procedures prior to invoking a judicial forum. *See League of United Latin Am. Citizens v. Hampton,* 163 U.S.App.D.C. 283, 501 F.2d 843 (1974). *See also Renegotiation Bd. v. Bannercraft Clothing Co., Inc.,* 415 U.S. 1, 94 S.Ct. 1028, 39 L.Ed.2d 123 (1974); *McKart v. United States,* 395 U.S. 185, 195, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969). The Court's conclusion, of course, does not preclude the plaintiff from pursuing his claims against those persons who he alleges have engaged in illegal employment practices.

An appropriate order will issue.

---

1. The Court expresses no opinion as to whether the plaintiff's sole judicial recourse lies in an appeal to the appropriate Court of Appeals pursuant to 29 U.S.C. § 819 or whether he may proceed under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.* The Court additionally finds no occasion to comment upon the Department's asserted defense of sovereign immunity. *But see Dyson v. Weinberger,* C.A. No. 74–0415 (E.D.Va.1976).