611 F.2d 11
 Albert HARK, On behalf of himself and all others similarly
situated, Plaintiff- Appellant,
and
Gerald Lee Smith, Jon M. Ricks, Donna Fialkoff, Marc Estrin,
Plaintiffs- Intervenors-Appellants,
v.
Sandra DRAGON, Individually, and as Director of the Vermont
Comprehensive Employment and Training Office, Ray Marshall,
Individually, and as Secretary of Labor; and Kevin Kennedy,
Individually, and as Director of Champlain Valley Work and
Training, Defendants-Appellees.
 No. 104, Docket 79-6091.
 United States Court of Appeals,
Second Circuit.
 Argued Sept. 20, 1979.
Decided Oct. 26, 1979.
 
 Neil H. Mickenberg, Burlington, Vt. (Vermont Legal Aid, Inc., Burlington, Vt., Gretchen S. Bailey, Burlington, Vt., of counsel), for plaintiffs-appellants.
 Brian L. Burgess, Asst. Atty. Gen., Montpelier, Vt. (M. Jerome Diamond, Atty. Gen. of the State of Vermont, Montpelier, Vt., of counsel), for defendant-appellee Dragon.
 Karen McAndrew, Asst. U. S. Atty., Burlington, Vt. (William B. Gray, U. S. Atty., for the District of Vermont, Burlington, Vt., of counsel), for defendant-appellee Marshall.
 George E. Taft, Burlington, Vt., for defendant-appellee Kennedy.
 Before WATERMAN, FEINBERG and TIMBERS, Circuit Judges.
 PER CURIAM:
 
 
 1
 In November 1978, plaintiff Albert Hark brought this suit in the United States District Court for Vermont on behalf of himself and others similarly situated challenging the administration in the State of Vermont of the Comprehensive Employment and Training Act Amendments of 1978 (CETA), Public Law 95-524, 92 Stat. 1909, 29 U.S.C. §§ 801 et seq. That legislation, which was the successor to a 1973 enactment, continued a multi-billion dollar program to provide job training and employment opportunities to low income persons. CETA is administered at the federal level by the Secretary of Labor. State and local units of government may become "prime sponsors" and assume responsibility for administering CETA in a designated area, 29 U.S.C. § 811, and may in turn implement CETA by agreements with contractors.
 
 
 2
 Plaintiffs' suit is against state and federal officials and a private party. Defendant Sandra Dragon is Director of the Vermont Comprehensive Employment and Training Office (Vermont CETA), a prime sponsor, which has contracted for services with defendant Kevin Kennedy, Director of Champlain Valley Work and Training. Defendant Ray Marshall is the United States Secretary of Labor with ultimate responsibility, as noted, for administration of CETA. Each plaintiff was a participant in the public service employment program funded under CETA when the complaint was filed,[1] and was subject to a policy, first adopted by defendants Dragon and Kennedy in July 1977, that limited participation in CETA programs in Vermont to one year. This suit attacks that policy on constitutional and statutory grounds. The claimed bases for jurisdiction are 28 U.S.C. §§ 1331, 1343(3), and 1361.
 
 
 3
 In the district court, plaintiffs sought injunctive and declaratory relief and class certification. Judge Albert W. Coffrin granted the latter motion, certifying a class consisting of all persons within the State of Vermont who were employed in CETA-funded jobs on September 30, 1978, and who have been or will be terminated subsequent to that date as a result of defendants' policies requiring termination of CETA-funded employment within one year of the date of hiring. Defendants moved for summary judgment on various grounds, including failure to exhaust administrative remedies and lack of jurisdiction. The district judge rejected the latter two arguments but granted defendants summary judgment on the merits.[2] This appeal followed.
 
 
 4
 The issues raised on appeal are substantially the same as those ruled on by the district court. Preliminarily, we agree with Judge Coffrin's conclusions that the district court had jurisdiction over defendant Marshall under 28 U.S.C. § 1331(a) and over the state defendants under 28 U.S.C. § 1343(3), since the claim that Vermont's durational employment policies deprived plaintiffs of their constitutional rights to equal protection and due process was sufficiently substantial under the criteria of Hagans v. Lavine, 415 U.S. 528, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). Accordingly, the court also had pendent jurisdiction over the statutory claims, which are discussed below.
 
 
 5
 We also agree with Judge Coffrin that plaintiffs are not barred by their failure to exhaust administrative remedies.[3] First, in this context exhaustion probably would have been futile, cf. Goetz v. Ansell, 477 F.2d 636 (2d Cir. 1973), since the policy under attack was adopted by defendant Dragon in response to a "suggestion" from the department that defendant Marshall heads and these two defendants would ultimately decide any administrative appeal. In addition, the jobs of over one thousand low income class members are affected by the same sharply defined, purely legal issue, suggesting that time is of the essence, cf. Jones v. Califano, 576 F.2d 12, 20-21 (2d Cir. 1978). In this regard, we would be less than candid not to mention that the district judge's decision on the merits seems so clearly correct that we should say so at the earliest appropriate opportunity, when the public interest in resolution of the basic question is so great.[4]
 
 
 6
 Turning to the merits of plaintiffs' contentions on appeal, we again agree with the conclusions reached by Judge Coffrin. The claim plaintiffs press most urgently is that Vermont's one-year limitation on CETA-funded jobs violates 29 U.S.C. §§ 824(h)(2)-(3) and (j). The former sections state that no participants in public service employment may be paid wages for more than 78 weeks in a five-year period, but that no more than 26 weeks of such employment prior to October 1, 1978 shall be counted towards the 78 weeks.[5] Section 824(j) provides that, notwithstanding any eligibility limitation on public service employment in the Act, persons holding such positions on September 30, 1978 may continue in them subject to § 824(h).[6] Judge Coffrin considered the statutory language and the legislative history and concluded that § 824(h) sets a maximum tenure rather than a minimum one and that § 824(j) was designed to protect public service employment participants who unlike plaintiffs could otherwise have been discharged by reason of the new eligibility provisions in the 1978 CETA amendments. We agree with this analysis, contained in the judge's opinion reported at 477 F.Supp. 308, and see no need to expand on it. In addition, we find that neither the language nor the legislative history of CETA indicates that Congress meant in 1978 to limit the discretion to set lower durational limits that some prime sponsors including Vermont CETA had formerly exercised.[7]
 
 
 7
 We also find the constitutional arguments plaintiffs raise on appeal to be untenable. Plaintiffs argue that Vermont's one-year durational policy violates the equal protection guarantee in that it is unsupported by any rational purpose and has not been uniformly imposed nationwide. We agree, however, with the district court's conclusions that the durational limit serves the obviously rational goal of increasing the number of persons receiving the benefit of CETA-funded jobs by promoting turnover,[8] and that regional flexibility in the administration of CETA is clearly envisioned by the Act and hence Vermont's shorter period is not irrational in our federal system. Furthermore, we reject plaintiffs' due process argument since we find that whatever entitlement plaintiffs enjoy to continued employment, if any, is circumscribed by the durational limitation on employment properly imposed by Vermont CETA.
 
 
 8
 The judgment of the district court is affirmed.
 
 
 
 [1]
 The same is true of the named intervenors, who filed their complaints in December 1978
 
 
 [2]
 The district judge treated defendant Marshall's motion to dismiss as a motion for summary judgment
 
 
 [3]
 These are contained in 29 U.S.C. § 816(a)-(b)
 
 
 [4]
 Under the circumstances, we need not consider whether Judge Coffrin was correct in holding that 29 U.S.C. § 816(l) "authorizes plaintiffs to sue . . . without exhaustion of the administrative procedures set forth in the Act." Nor, in view of our disposition of the case, need we consider whether there is a sufficient source for the statutory cause of action in 42 U.S.C. § 1983, see Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 99 S.Ct. 1905, 60 L.Ed.2d 508 (1979), or elsewhere
 
 
 [5]
 Subsections 824(h)(2)-(3) provide:
 (2) No participant may be paid wages from funds under this chapter for public service employment for more than 78 weeks in a 5-year period.
 (3) For purposes of paragraph (2), no more than 26 weeks of public service employment financed in whole or in part under this chapter prior to October 1, 1978, shall be considered as part of the 78 weeks.
 
 
 [6]
 Section 824(j) provides:
 Notwithstanding any eligibility limitation on public service employment in this chapter, a person who on September 30, 1978, held a public service employment position under this chapter may continue in such position subject to subsection (h) of this section.
 
 
 [7]
 The district court also rejected plaintiffs' "more general" statutory argument that defendants' durational limitation interferes with CETA's requirement, allegedly implicit in 29 U.S.C. § 823(f), that programs be run in a manner that insures that CETA workers will be adequately trained to enter the private sector upon completion of the program. We do not understand plaintiffs to be pressing this claim on appeal
 
 
 [8]
 The brief of defendant Dragon points out that for fiscal year 1979, Vermont anticipates CETA funding for 1,700 PSE job slots through which it plans to serve 3,090 participants