Bobbie ADAMS, Ariel Anderson, Ervin Brown, John Calliley, Peter Cermak, Carl Fagan, Terry Grunwald, Joseph Hefner, Cornelius Huff, John Hussar, Johnnie Jefferson, Frank La Porta, James Mark, Jessie Nicastro, Louis Potrowski, Leroy Regovic, Paul Schwartz, Roger St. Martin, and Wally St. Martin, Plaintiffs,

v.

CITY OF CHICAGO, the Department of Streets and Sanitation, and Jane Byrne, Samuel Berstein, Charles Pounian, John L. Donovan, and George E. Kloak, in their official capacities, Defendants.

No. 79 C 4742.

United States District Court,
N. D. Illinois, E. D.

June 16, 1980.

Hugh J. McCarthy & Associates by Collins P. Whitfield, Chicago, Ill., for plaintiffs.

Robert L. Janega, Asst. Corp. Counsel, Chicago, Ill., for defendants.

## ORDER

BUA, District Judge.

This cause comes before the court on defendants' motion to dismiss pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. Plaintiffs, a group of former employees of the CETA program, Title VI, 29 U.S.C. §§ 801–999 (1978), have filed a complaint alleging various violations of CETA by said defendants. Plaintiffs seek declaratory and injunctive relief under CETA, 42 U.S.C. § 1983 and the United States Constitution. As that is so, jurisdiction over their action properly lies pursuant to 28 U.S.C. § 1343(3).

Defendants rely initially on the argument that plaintiffs' complaint should be dismissed for failure to exhaust available administrative remedies. As the court finds this issue dispositive, it will not address those other contentions raised in the defendants' motion.

█ It is a long established rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. *Myers v. Bethlehem Corp.*, 303 U.S. 41, 58 S.Ct. 459, 82 L.Ed. 638 (1938). The doctrine of exhaustion of remedies has retained its vitality and, with very narrow exceptions, is applied in order to avoid the untimely interruption of the administrative process. *Frey v. Commodity Exchange Authority*, 547 F.2d 46 (7th Cir. 1976). The Comprehensive Employment and Training Act (CETA), 29 U.S.C. §§ 801–999 (1978) provides for administrative remedies when violations of its provisions occur. *See* 29 U.S.C. § 816 (1978). Accordingly, as plaintiffs have not availed themselves of these remedies, they may not seek relief from the federal judiciary at this time.

That judicial intervention at this point in the present proceedings would be untimely is demonstrated by the CETA provisions governing the administrative resolution of grievances. Basically, CETA requires that each prime sponsor establish grievance procedures through which employees in the program may have complaints expeditiously resolved. 29 U.S.C. § 812(a)(1) (1978); 29 C.F.R. § 98.26 (1979). When, moreover, the complainant has either exhausted the remedy provided by the prime sponsor or has failed to resolve the grievance under this procedure, he may then file a complaint with the Secretary of Labor. 29 U.S.C. § 816(b) (1978). 29 C.F.R. § 98.40–29 (1979).

█ It is unclear from the memoranda provided by the parties whether the prime sponsor in the instant case has in fact provided the requisite grievance procedures. However, even if the prime sponsor has not complied with the statutory requirement, the complainants' proper recourse is to the Department of Labor. It is the stated policy of the regulations governing CETA that the Department of Labor receive information concerning the alleged violation of *any* title of the Act. 29 C.F.R. § 98.40(b) (1979) (emphasis added). Therefore, if the prime sponsor has failed to establish the proper procedures, such failure constitutes a violation of CETA that may properly be referred to the Department of Labor. *See Gooley v. Conway*, 590 F.2d 744 (8th Cir. 1979); *Hayward v. Henderson*, 88 Cal.App.3d 64, 151 Cal.Rptr. 505 (5th Dist. 1979). All other allegations in the complaint of violations of CETA must be resolved in the same way. 29 C.F.R. § 98.40(b).

█ In Plaintiffs' Memorandum in Opposition to the Motion to Dismiss, it is stated that in the instant case there should be an exception to the exhaustion requirement because it would be futile to seek relief from the agency which perpetrated the violations. However, if, as plaintiffs allege, the prime sponsor has not established any grievance procedures, relief could be sought from the Department of Labor, an agency which has not committed any wrongs against plaintiffs. If, on the other hand, the prime sponsor has established grievance procedures, any decision reached by that agency may be appealed to the Department of Labor. Therefore, plaintiffs are not forced to seek relief exclusively from a branch of the agency which allegedly violated the Act.

Further, this is not a case where requiring that plaintiffs exhaust the administrative remedies available to them would amount to the satisfaction of empty formalities, *Collin v. Smith*, 447 F.Supp. 676 (N.D. Ill.1978). Plaintiffs have not alleged that they would be unable to obtain relief from the Department of Labor; and such relief is available from that agency even when the prime sponsor has failed to meet the requirements for establishing grievance procedures. *Gooley v. Conway*, 590 F.2d 744 (8th Cir. 1979). Plaintiffs merely allege that requiring them to go through the lengthy processes established by the Department of Labor would be unfair. Arguably, however, the length of the administrative process would have been shorter than this judicial one, had it been commenced at the same time. In any event, based upon the allegations presented, the case at bar does not fall within the ambit of the futility exception. *Collin v. Smith*, 447 F.Supp. 676 (N.D.Ill.1978).

Plaintiffs further allege that exhaustion of administrative remedies is not required when bringing a § 1983 action. It is true that "the federal remedy [under § 1983] is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked." *Monroe v. Pape*, 365 U.S. 167, 183, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961). However, a federal court is not prohibited from requiring a § 1983 plaintiff to exhaust administrative remedies. *Secret v. Brierton*, 584 F.2d 823, 826 (1978).

Plaintiffs also allege in their complaint that defendants have discriminated against them based upon their political affiliations in violation of the Equal Protection Clause of the Fourteenth Amendment. The characterization of a violation as unconstitutional, however, does not necessarily abrogate the exhaustion requirement. *Maremont Corp. v. FTC*, 431 F.2d 124 (7th Cir. 1970). Discrimination on the basis of political affiliation, being violative of CETA, 29 U.S.C. § 834(a) (1978), is subject to the exhaustion requirement. As that is so, administrative exhaustion will be direct-

ed. When their administrative remedies have been exhausted, should plaintiffs remain dissatisfied, they may return to this court with their constitutional claim.

In light of the above, the motion to dismiss for failure to exhaust administrative remedies will be granted. Pursuant to 29 U.S.C. § 816(a), (b) (1978), plaintiffs have until September 30, 1980 to file a timely complaint with the agency of the prime sponsor or, if none exists, the Department of Labor. If no effective action is taken on their complaint within a reasonable time, plaintiffs may then resort to the judicial process for relief.