755 F.2d 932
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RICHARD E. HODGES, PLAINTIFF-APPELLANT,
v.
CITY OF ANN ARBOR, MICHIGAN, AND U.S. DEPARTMENT OF LABOR,
DEFENDANTS-APPELLEES.
 NO. 83-1489
 United States Court of Appeals, Sixth Circuit.
 1/21/85
 
 ORDER
 BEFORE: CONTIE, KRUPANSKY and MILBURN, Circuit Judges.
 
 
 1
 This case has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After an examination of the briefs and the record, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 This pro se plaintiff appeals from the district court's order dismissing his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The complaint alleges that plaintiff was employed by the Ann Arbor City Controller's Office pursuant to a Comprehensive Employment and Training Act (CETA) program. 29 U.S.C. Sec. 801 et seq. The complaint further alleges that plaintiff was illegally discharged during his probationary period and denied a pretermination hearing in violation of his due process rights. He seeks reinstatement and back pay.
 
 
 3
 Following submission of defendants' motions to dismiss and a hearing on the motions, the district court dismissed the complaint against both defendants. The district court held that the administrative procedure established by the Secretary of Labor was plaintiff's exclusive remedy and that plaintiff could appeal an adverse administrative decision in the appellate court.
 
 
 4
 Upon consideration, this Court concludes that the district court's order must be affirmed for reasons other than those relied upon by the district court. Oakland County v. City of Berkley, 742 F.2d 289, 298 (6th Cir. 1984). In dismissing the complaint, the district court relied on CETA Workers' Organizing Committee v. New York, 617 F.2d 926 (2d Cir. 1980). However, a subsequent Second Circuit decision renders the CETA Workers' case distinguishable from the instant case. Members of the Bridgeport Housing Authority Police Force v. City of Bridgeport, et al., 646 F.2d 55 (2d Cir.), cert. denied, 454 U.S. 897 (1981).
 
 
 5
 It appears that plaintiff's claim does not reach constitutional dimensions. Under Sec. 1983, plaintiff must show a constitutional deprivation. Sanderson v. Village of Greenhills, 726 F.2d 284, 286 (6th Cir. 1984) (per curiam). The Supreme Court has held that a property interest in employment arises as a result of state law, rules or an understanding that secures benefits to an employee. Board of Regents v. Roth, 408 U.S. 564 (1972). The entitlement to future employment attaches only when there are substantive restrictions on the employer's authority to discharge. Lake Michigan Col. Fed. of Teachers v. Lake Michigan Col. Comm. Col., 518 F.2d 1091 (6th Cir. 1975), cert. denied, 427 U.S. 904 (1976); Loudermill v. Cleveland Bd. of Educ., 721 F.2d 550 (6th Cir. 1983); Asbill v. Housing Authority of Choctaw Nation, 726 F.2d 1499 (10th Cir. 1984). Moreover, several circuits have rejected the argument that the requirements of 29 C.F.R. Sec. 98.26 (pretermination hearings) give rise to a constitutionally protected 'property interest' for CETA employees. Hayward v. Henderson, 623 F.2d 596 (9th Cir. 1980); Hark v. Dragon, 611 F.2d 11 (2d Cir. 1979); Cooley v. Conway, 590 F.2d 744 (8th Cir. 1979). In the instant case, it is clear that nothing in the Ann Arbor Personnel Regulations or the local CETA Complaint Resolution Process requires termination of a probationary employee to be based on cause. Therefore, plaintiff was not entitled to due process protections. See DeTore v. Local #245, etc., 615 F.2d 980, 984-5 (3rd Cir. 1980) (CETA employee 'did not have property interest in continued employment that entitled her to due process protections).
 
 
 6
 Accordingly, it is ORDERED that that district court's order be, and is hereby, affirmed. Rule 9(d)(3), Rules of the Sixth Circuit.