**Janet BLACK, Plaintiff,**

v.

**BROWARD EMPLOYMENT AND TRAINING ADMINISTRATION, a Florida Interlocal Agreement Entity, f/k/a Broward Manpower Council; City of Hollywood, a municipality; County of Broward, a political subdivision of the State of Florida, Defendants.**

**No. 83–6779–CIV–EPS.**

United States District Court,
S.D. Florida,
Miami Division.

April 28, 1987.

David M. Lipman, Miami, Fla., for plaintiff.

Rochelle J. Daniels, Ft. Lauderdale, Fla., for Broward Employment.

James T. Schoenbrod, Hollywood, Fla., for City of Hollywood.

Lindsey A. Payne, Ft. Lauderdale, Fla., for City of Ft. Lauderdale.

## MEMORANDUM OPINION AND ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION AND DISMISSING PLAINTIFF'S § 1983 CLAIMS

SPELLMAN, District Judge.

This CAUSE comes before the Court upon a REVIEW of the Report and Recommendation of United States Magistrate William C. Turnoff, and upon an independent *de novo* review of the file in the above-named case. Upon said review this Court finds that the Magistrate's Report and Recommendation adequately addresses the Plaintiff's claims and the law governing the case. Accordingly, this Court chooses to adopt the Magistrate's Report and Rec-

ommendation as the Opinion in this case, and it is hereby,

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Plaintiff's § 1983 claims be GRANTED.

## REPORT AND RECOMMENDATION

WILLIAM C. TURNOFF, United States Magistrate.

This Cause came before the undersigned upon The Honorable Eugene P. Spellman's Order dated December 19, 1986, remanding this cause for a finding as to whether plaintiff's 42 U.S.C. § 1983 claim is barred by the statute of limitations. Defendants contend that even if plaintiff's § 1983 claim, filed in 1986, relates back to plaintiff's original complaint, filed in 1983, the former claim is nevertheless time-barred. After hearing distinguished oral argument and having reviewed the motions and learned memoranda of law, the undersigned renders his Report and Recommendation.

Plaintiff's § 1983 cause of action accrued on or before May 26, 1977, the date plaintiff was allegedly terminated. Plaintiff's initial complaint was filed with the Court on October 25, 1983, approximately six years, five months after the accrual of her cause of action. On August 20, 1986, plaintiff sought leave to amend the complaint and alleged for the first time a cause of action arising under 42 U.S.C. § 1983. The Motion to Amend was filed almost two years, ten months after plaintiff's initial complaint and approximately nine years, three months subsequent to the accrual of her § 1983 claim.

Plaintiff contends that her § 1983 claim is not time-barred due to the interaction of two doctrines: (1) The "relation-back" doctrine; see F.R.Civ.P. 15(c), and (2) the assertion that the statute of limitations was tolled while plaintiff was pursuing her administrative remedies. See *Brown v. Ledbetter*, 569 F.Supp. 170 (ND Ga.1983).

An analysis of whether the statute of limitations was "tolled" for any period of time between May 26, 1977 and October 25, 1983 and, if so, for what period of time, is

necessary. After careful consideration, and for the reasons hereinafter expressed, I find that plaintiff's § 1983 claim is barred by the statute of limitations and should be dismissed by the Court.

Although it is well-settled that the statute of limitations is tolled during the pursuit of administrative remedies when such pursuit is required by law, it is equally clear that an individual is not required to exhaust administrative remedies prior to instituting an action under § 1983. *Patsy v. Board of Regents*, 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982); *Meeker v. R.E. Addison and The Florida Highway Patrol*, 586 F.Supp. 216 (S.D.Fla.1983, Supplemental Opinion 1984). Since exhaustion of administrative remedies is *not* a prerequisite to filing suit, the statute was not tolled during plaintiff's voluntary pursuit of her administrative remedies. *Smith v. McClammy*, 740 F.2d 925 (11th Cir.1984); *Bryant v. Potts*, 528 F.2d 621 (5th Cir. 1976).

Plaintiff attempts to counter this by arguing that prior to the Supreme Court's June 1982 decision in *Patsy*, plaintiff was in fact required to exhaust her administrative remedies, and cites the *en banc* decision in *Patsy v. Florida International University*, 634 F.2d 900 (5th Cir.1981). Plaintiff further argues that, even though the Supreme Court clearly stated that there has *never* been an exhaustion requirement in § 1983 cases, its decision should not be applied retroactively.

Defendants, on the other hand, contend that the Supreme Court's decision in *Patsy* has retroactive effect since the Court merely restated its prior pronouncements on this issue. See, e.g., *McNeese v. Board of Education*, 373 U.S. 668, 83 S.Ct. 1433, 10 L.Ed.2d 622 (1963).

Without deciding that the Fifth Circuit in *Patsy* required the plaintiff to exhaust her administrative remedies as of January 22, 1981, I find that if any tolling occurred, it was insufficient to allow the plaintiff to come within the applicable statute of limita-tions. Even if the Fifth Circuit enunciated an "exhaustion" requirement which tolled the statute of limitations as of January 22, 1981, it was short-lived. Seventeen months later, the Supreme Court clearly eliminated (once again) the exhaustion requirement relative to § 1983 claims. Thus, even if the statute had been tolled for seventeen months, this would still have left approximately five years between the time that the cause of action accrued and the time that the suit was filed, during which period there was clearly *no* exhaustion requirement[1]. Since all parties agree that the applicable statute of limitations is four years, § 95.11 Fla.Stat., it is submitted that plaintiff's § 1983 claim is time-barred by approximately one year.

I find plaintiff's contention that the "exhaustion" requirement was created when Judge Gonzalez rendered his *Patsy* order in December of 1978, unpersuasive. In the absence of any evidence or proof in the record that Judge Gonzalez's ruling had any direct impact upon plaintiff's failure to timely file her lawsuit, I do not believe that his decision impacts on the matter at issue. There has been no showing or suggestion that Judge Gonzalez's ruling had any effect upon plaintiff's decision to pursue or not pursue her administrative remedies.

Plaintiff's argument is equitable in nature. However, in order to maintain an equitable tolling claim, the plaintiff must allege and prove an act or conduct *on the part of defendants* that would provide a basis for equitable consideration. This the plaintiff has not done. Cf. *Smith v. McClammy*, *supra* at 926–927.

The decision by the Supreme Court in *Patsy* controls the issues before this Court. If the statute was tolled at all, it was tolled only seventeen months, which was insufficient to bring the filing of plaintiff's § 1983 claim within the four year statute of limitation set by the Florida Statutes.

It is therefore the RECOMMENDATION of the undersigned that Defendants' Mo-

---

**1.** Approximately three years eight months elapsed between the accrual of the within claim, and the Fifth Circuit's decision in *Patsy;* and an additional one year, four months elapsed between the Supreme Court's Patsy decision and the filing of the within complaint.

tions to Dismiss Plaintiff's § 1983, 5th and 14th Amendment claims be GRANTED.